Filed 9/28/23  P. v. Rodriguez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>JOHN RAY RODRIGUEZ,<br><br>      Defendant and Appellant. | E080160<br><br>(Super.Ct.No. FSB023282)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Cheryl C. Kersey, Judge.  Reversed.

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Alan L. Amann and Robin Urbanski, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant John Ray Rodriguez appeals the San Bernardino Superior Court's denial of his third Penal Code section 1172.6 petition for resentencing.[1] We will reverse.

## BACKGROUND[2]

Defendant and his friend Amador were involved in an effort to commit a robbery of Mr. and Mrs. Kim, owners of a liquor store. According to Mr. Kim, he and his wife were locking up and leaving the store when they were confronted by Amador and defendant. Mr. Kim had two handguns in his hands, which were concealed by the bank coin bags he was carrying. Mr. Kim shot defendant three times. Amador was shot and killed in the melee. Mr. Kim said the fatal shot was fired by defendant, who had his father's gun with him and was attempting to shoot Mr. Kim. Defendant testified he was unaware of Amador's intent to commit the robbery, that Amador had arrived at the open front door of the store when defendant heard a single shot and saw Amador fall backward onto the ground. (*Rodriguez*, *supra*, E038690.)

In 2004, a jury, which had been given instructions on the felony-murder rule, convicted defendant of first degree murder (§ 187, subd. (a)), attempted murder (§§ 664, 187, subd. (a)), and attempted second degree robbery (§§ 664, 211). It also found true

---

[1] Section 1170.95 was renumbered as section 1172.6 without change in the text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10). For the sake of simplicity, we refer to the provision by its new numbering. All further statutory references are to the Penal Code.

[2] The facts are taken in part from this court's prior opinion issued in defendant's direct appeal. (*People v. Rodriguez* (April 19, 2006, E038690) [nonpub. opn.].)

that defendant personally used a firearm (§ 12022.5, subd. (a)(1)) and personally and intentionally discharged a firearm (§ 12022.53, subd. (c)).  We affirmed the judgment on appeal.  (*Rodriguez*, *supra*, E038690.)

In January 2019, Senate Bill No. 1437 became effective.  (Stats. 2018, ch. 1015, eff. Jan. 1, 2019.)  That measure amended sections 188 (defining malice) and 189 (defining degrees of murder) to limit the reach of the felony-murder rule in cases of first and second degree murder, and eliminated the natural and probable consequences liability for murder.  (Stats. 2018, ch. 1015, §§ 2, 3.)  The bill also added section 1172.6, which created a procedure for convicted persons who could not be convicted under the statutes as amended to obtain relief retroactively.  (Stats. 2018, ch. 1015, § 4.)

As relevant here, the result of the amendments brought about by Senate Bill No. 1437 is that a person can be held liable for murder if a death occurs in the commission of a robbery or attempted robbery only if (i) they were the actual killer, or (ii) they were not the actual killer but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree, or (iii) they were a major participant in the underlying felony and acted with reckless indifference to human life as defined in section 190.2, subdivision (d), the statute that defines special circumstance felony murder.  (§ 189, subd. (e).)

In February 2019, defendant filed a section 1172.6 petition for resentencing (initial petition).  In October 2019, after receipt of informal written submissions filed by the

parties and a hearing on whether the petition stated a prima facie case for relief such that an order to show cause should issue, the trial court denied the petition in a written opinion.

In February 2021, defendant filed another section 1172.6 petition for resentencing. In May 2021, the trial court summarily denied the petition as "subsequent," and noted defendant had petitioned for identical relief in February 2019, which was denied after "through [*sic*] litigation."

In April 2022, defendant filed a third 1172.6 petition (current petition), which is the subject of this appeal. The trial court did not appoint counsel or set a status review conference. The People filed a response seeking denial of the petition on the grounds his previous petitions had been denied. The court summarily denied the petition on the ground defendant "has had his review of his conviction." Defendant timely appealed.

## DISCUSSION

On appeal, defendant argues, and the People concede, reversal of the order denying defendant's current petition is called for because the trial court improperly gave its decisions on his prior petitions preclusive effect. We agree.

The trial court denied defendant's current petition on the grounds he had already had his conviction reviewed. The court did not elaborate but it is reasonable to conclude its reference to a prior review was to defendant's initial petition filed in February 2019. In that case, defendant was represented by counsel during the prima facie review stage of the proceedings, and the parties filed briefs and were heard on the issue whether the

4

petition stated a prima facie case for relief before the court issued an opinion concluding defendant was not eligible for relief. Defendant's second section 1172.6 petition was summarily denied on the grounds the matter had already been litigated.

The trial court's denial of defendant's initial petition during the prima facie review stage of the proceedings was bottomed on two conclusions. First, it found defendant was ineligible for resentencing relief because he was a major participant in the robbery who acted with reckless disregard for human life within the meaning of *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). Second, the court held that, in all events, defendant was not entitled to relief because Senate Bill No. 1437 was unconstitutional as it substantially amended Propositions 7 and 115 without authorization to do so.

We acknowledge that the doctrine of collateral estoppel could preclude defendant from relitigating the identical resentencing issues raised in his initial petition that were decided on the merits and have long since become final. There is, however, a well-settled exception to the rule when subsequent significant developments in the law warrant reexamination of the issues. (*People v. Strong* (2022) 13 Cal.5th 698, 716.) As we explain *post,* in the period elapsing between the court's denial of defendant's initial petition and his current one, our appellate courts have settled the issue concerning the constitutionality of Senate Bill No. 1437 and our Supreme Court has clarified the procedures to be followed with respect to section 1172.6 petitions for resentencing.

5

*The court engaged in improper factfinding when it found defendant was a major participant who acted with reckless disregard for human life*

As relevant here, a section 1172.6 petition for resentencing must aver (i) the complaint or information filed against the defendant allowed the People to proceed under a theory of felony murder, (ii) the defendant was convicted of first degree murder, and (iii) defendant could not now be convicted of first degree murder because of the changes made by Senate Bill No. 1437 to sections 188 and 189. (*People v. Lewis* (2021) 11 Cal.5th 952, 959-960 (*Lewis*); see § 1172.6.)

If the petition complies with the aforementioned requirements, the court must assess if the petitioner has made a prima facie showing for relief in accordance with subdivision (c) of section 1172.6. (*Lewis*, *supra*, 11 Cal.5th at p. 960.) At this point, the court must appoint counsel if the defendant has requested one. (§ 1172.6, subd. (b)(3); *Lewis*, at pp. 962-963.) The People must file and serve a response to the petition within 60 days after the petition was served, and the defendant may file and serve a reply within 30 days after the prosecutor's response is filed. (1172.6, subd. (c); *Lewis*, at p. 961.) If the court determines the petitioner has made a prima facie showing of entitlement to relief, it must issue an order to show cause. (*Lewis*, at p. 961.)

In making the determination whether the petition has made a prima facie showing, the court will necessarily be informed by the record of conviction, which allows it to distinguish petitions with potential merit from those that are clearly lacking merit. (*Lewis*, *supra*, 11 Cal.5th at pp. 970-971.) The court may consider the record of

6

conviction (including the court's own documents and appellate opinion) and, if that record contains facts refuting the petition's allegations, then the court is justified in making a finding that the petition does not pass prima facie muster. (*Id.* at pp. 971-972.) In making its decision, however, the trial court may not engage in factfinding involving the weighing of evidence or exercise its discretion. (*Id.* at p. 972.)

An inquiry to determine whether a defendant was a major participant in a felony necessarily requires weighing facts and drawing inferences. (*Banks*, *supra*, 61 Cal.4th at p. 803.) The same is true when arriving at a determination whether a defendant acted with reckless indifference. (*Clark*, *supra*, 63 Cal.4th at p. 622.) And, because resolution of those issues requires the court to weigh facts and draw inferences, it must issue an order to show cause and hold an evidentiary hearing before making a determination whether a defendant was a major participant in a robbery who acted with reckless disregard for human life. (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980; *Lewis*, *supra*, 11 Cal.5th at p. 972.)

Here, in its opinion denying defendant's initial petition, the trial court did not issue an order to show cause or hold an evidentiary hearing before it found defendant ineligible for relief on the grounds he was a major participant in the robbery who acted with reckless indifference to human life. Accordingly, that finding may not properly be used to deny defendant's current petition.

*The constitutionality of Senate Bill No. 1437*

At the time of defendant's initial petition in 2019, the trial court agreed with the People's argument that Senate Bill No. 1437 violated California's constitution because it undermined Propositions 7, 9, and 115.  Since that time, reviewing courts have consistently rejected the argument that Senate Bill No. 1437 is unconstitutional.  (E.g., *People v. Lombardo* (2020) 54 Cal.App.5th 553, 555; *People v. Lippert* (2020) 53 Cal.App.5th 304, 312 (*Lippert*)[3]; *People v. Solis* (2020) 46 Cal.App.5th 762, 769.)  Consequently, we find the trial court's 2019 finding on the subject may not be relied upon as a basis for denial of defendant's current petition.

---

[3] In *Lippert,* the author of this opinion concluded Senate Bill No. 1437 improperly amended Proposition 7 and was, to that extent, was unconstitutional as a violation of the separation of powers.  (*Lippert*, *supra*, 53 Cal.App.5th at p. 326.)  He has since changed his view.  As Justice Felix Frankfurter observed, "Wisdom too often never comes, and so one ought not to reject it merely because it comes late."  (*Henslee v. Union Planters National Bank & Trust Co.* (1949) 335 U.S. 595, 600 (dis. opn. of Frankfurter, J.).)

## DISPOSITION

The judgment is reversed with directions to issue an order to show cause pursuant to subdivision (c) of section 1172.6 and thereafter hold a hearing pursuant to subdivision (d) of that section.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
                    P. J.

We concur:

FIELDS
    J.

RAPHAEL
    J.

9